UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH NJONJO,<br><br>    Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>    Respondents. | Case No. 26-cv-02188-JST<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: ECF No. 2 |

Before the Court is Petitioner Kenneth Njonjo's motion for a temporary restraining order. The motion is denied.

## I.    BACKGROUND

Njonjo, a Kenyan national, is a 29-year-old applicant for protection under the Violence Against Women Act based on abuse by his spouse, a U.S. citizen. ECF No. 1-1 ¶ 9. He entered the United States in April 2019 on a tourist visa. *Id*. He married a U.S. citizen and was a victim of abuse in the marriage before ultimately filing for divorce. *Id*. He changed status to an F1 student visa in 2020 and was enrolled in school, but had to drop out because of financial difficulties. *Id*. ¶ 10; ECF No. 6-2 at 7. He resides with his mother and plans to resume school this summer to pursue a nursing degree. ECF No. 1-1 ¶ 10.

Njonjo filed his VAWA petition on June 23, 2025. *Id*. ¶ 9. On March 12, 2026, Njonjo attended his biometrics appointment for his VAWA application, where he was abruptly detained. *Id*. ¶¶ 10, 11. Agents of Immigration and Customs Enforcement ("ICE") provided neither a warrant nor any other explanation for detaining Njonjo. *Id*. ¶ 11. In its opposition, the government asserts that ICE arrested Njonjo because he failed to maintain or comply with the conditions of his F1 visa, making him removable under 8 U.S.C. § 1227(a)(1)(C)(i). ECF No. 6

at 3.

Since entering the United States in 2019, Njonjo has never been issued a notice to appear placing him in removal proceedings. ECF No. 1-1 ¶ 9. He has no criminal record. *Id*. ¶ 10.

Njonjo filed this habeas petition, through counsel, on March 12, 2026. ECF No. 1. He filed a motion for a temporary restraining order ("TRO") the same day. ECF No. 2. The general duty judge directed the government to file a response by 12 p.m. on Friday, March 13 and the petitioner to file any reply by 3 p.m. the same day. ECF No. 3. The parties did so. ECF Nos. 6, 7.

## II.    JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III.    LEGAL STANDARD

The Court applies a familiar four-factor test on a motion for a temporary restraining order. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winters v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winters*, 555 U.S. at 22. Where the plaintiff does not establish a likelihood of success on the merits but merely establishes "serious questions going to the merits," a preliminary injunction may still issue if the plaintiff can show that the balance of hardships "tips sharply in [his] favor," irreparable injury is likely, and the injunction is in the public interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (internal quotation marks omitted).

## IV.    DISCUSSION

Njonjo seeks an order finding that his due process rights were violated when he was detained without a pre-deprivation hearing. *See* ECF Nos. 2, 7. Because Njonjo has failed to demonstrate the existence of serious questions going to the merits of his due process claim, the motion for a TRO is denied.

The government cites as its authority to detain Njonjo the provisions of 8 U.S.C. § 1226(a), which "authorize[] the Attorney General, in his discretion, to arrest and detain aliens 'pending a decision on whether the alien is to be removed from the United States.'" ECF No. 6 at 6; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022) (quoting 8 U.S.C. § 1226(a)). A robust set of procedures governs custody decisions under Section 1226(a).

When a noncitizen is apprehended under Section 1226(a), an ICE officer makes the initial custody decision, determining whether the noncitizen has "demonstrate[d] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the ICE officer denies bond, the noncitizen may ask an IJ for a redetermination of the custody decision. *Id*. § 236.1(d)(1). At this hearing, the detainee bears the burden of establishing "that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Matter of Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006). If the detainee meets his burden, the IJ will order release. *Rodriguez Diaz*, 53 F.4th at 1197. "The detainee may be represented by counsel and can submit evidence in support of his claims." *Id*. "He can also appeal an adverse decision to the BIA." *Id*. (citing 8 C.F.R.§ 236.1(d)(3)).

A noncitizen who remains detained pursuant to Section 1226(a) after the initial bond hearing "may request an additional bond hearing whenever he experiences a material change in circumstances." *Id*. (citing 8 C.F.R. § 1003.19(e)). The same procedures and right to appeal to the BIA apply to the additional hearing. *Id*.

The Ninth Circuit considered the constitutional adequacy of the Section 1226(a) procedures in *Rodriguez Diaz v. Garland*. Interpreting Rodriguez Diaz's challenge to the regulations in part as a facial one, the Court analyzed the sufficiency of those procedures to protect noncitizens' due process rights under the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). 53 F.4th at 1203, 1206–07. The Court concluded that the first factor, Rodriguez Diaz's private interest, weighed in his favor, while the third factor, the government's interest in "preventing aliens from 'remaining in the United States in violation of our law,'" weighed against. *Id*. at 1207–08. The critical analysis concerned the second factor, the "risk of an erroneous

3

deprivation of [Rodriguez Diaz's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Id*. at 1209 (quoting *Mathews*, 424 U.S. at 335). The Court held that "the agency's decision to detain Rodriguez Diaz was subject to numerous levels of review, each offering Rodriguez Diaz the opportunity to be heard by a neutral decisionmaker. These procedures ensured that the risk of erroneous deprivation would be 'relatively small.'" *Id*. at 1210. Rejecting Rodriguez Diaz's other arguments that the procedures afforded were deficient, the Court found that the "[Section] 1226(a)'s procedures satisfy due process, both facially and as applied to Rodriguez Diaz." *Id*. at 1213.

In his motion for a TRO, Njonjo urges the Court to find that Njonjo is owed a pre-deprivation hearing on flight risk, as opposed to the post-deprivation procedures afforded by the Section 1226(a) regulations. ECF No. 7 at 5. In light of the explicit holding from *Rodriguez Diaz* that those post-deprivation procedures satisfied the strictures of due process, the Court is unable to adopt Njonjo's position. In addition, Njonjo does not attempt to distinguish *Rodriguez Diaz*, nor does the Court see how his as-applied challenge raises concerns not addressed by the Ninth Circuit in that case.

The Court therefore cannot conclude that Njonjo has raised "serious questions" going to the merits of his constitutional claim, which appears to be foreclosed by binding Ninth Circuit precedent. *All. for the Wild Rockies*, 632 F.3d at 1135. Consequently, the Court declines to analyze the remaining *Winters* factors.

## CONCLUSION

For the reasons explained above, Njonjo's motion for a TRO is denied. The parties are ordered to meet and confer and file a proposed schedule for briefing the merits of the habeas petition.

**IT IS SO ORDERED.**

Dated: March 13, 2026

_____
JON S. TIGAR
United States District Judge